**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 14-1365**

_____

GAIL S. JONES,

             Plaintiff - Appellant,

      v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

             Defendant - Appellee.

_____

Appeal from the United States District Court for the Eastern
District of Virginia, at Richmond.  Robert E. Payne, Senior
District Judge.  (3:12-cv-00909-REP)

_____

Submitted:  October 30, 2014       Decided:  November 25, 2014

_____

Before SHEDD and THACKER, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Gail S. Jones, Appellant Pro Se.  Jonathan Holland Hambrick,
Robin Perrin Meier, Assistant United States Attorneys, Richmond,
Virginia;  Beverly  Hope  Zuckerman,  SOCIAL  SECURITY
ADMINISTRATION, Philadelphia, Pennsylvania, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gail S. Jones appeals the district court's order adopting the magistrate judge's recommendation and upholding the Commissioner's denial of Jones' application for disability insurance benefits. We have reviewed the record and find no reversible error. Accordingly, although we grant Jones leave to proceed in forma pauperis, we affirm the district court's judgment. Jones v. Astrue, No. 3:12-cv-00909-REP (E.D. Va. Mar. 4, 2014).

Jones challenges the ALJ's conclusion that her hearing loss, knee pain, and foot issues did not render her disabled. Our review of this conclusion is limited to evaluating whether the ALJ's findings are supported by substantial evidence and whether the correct law was applied. See Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)) (internal quotation marks omitted). If conflicting evidence allows reasonable minds to differ on an issue, we defer to the ALJ's conclusion. Id.

First, Jones argues the ALJ should have given more weight to the opinions of Audiologist Bridgette Fowler and Dr. Julie Redmond and should have credited Jones's statements

regarding her alleged impairment. The ALJ permissibly afforded less weight to the opinions of Fowler and Redmond because their opinions were inconsistent with other substantial evidence (e.g., Jones's ability to drive, shop, attend church, and communicate effectively at the hearings). See Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir. 2001). Also, although Jones testified regarding the extent of her impairment, Jones's description of her daily activities and Dr. Wayne Shaia's opinion and the ALJ's impression that Jones could communicate effectively despite her impairment support the ALJ's decision not to fully credit Jones's testimony regarding her impairment.

Second, Jones argues the ALJ should have considered the opinions of doctors from Colonial Heights Orthopedics before concluding Jones is not disabled due to her knee condition. This argument was not raised at the district court and cannot be considered on appeal. See United States v. Edwards, 666 F.3d 877, 887 (4th Cir. 2011). To the extent Jones challenges the ALJ's conclusion that her knee pain was not sufficiently severe, the ALJ's conclusion was supported by substantial evidence. Although Jones reported pain and was diagnosed with crepitus, there were no other abnormalities in her knee. Rather, the evidence during the relevant period shows that Jones pulled her knee on an exercise bike, not that she presented with a potentially disabling condition.

Finally, although Jones mentions her foot pain in her informal brief, she does not provide an argument addressing the ALJ's rejection of her allegations of disability due to bursitis and plantar fasciitis. She has, therefore, forfeited appellate review of this issue. <u>See</u> 4th Cir. R. 34(b).

We dispense with oral argument because the facts and legal contentions are adequately presented in the material before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>